FILED
CLERK, U.S. DISTRICT COURT

JUN 24 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- SOUTHERN DIVISION

|  |  |
|---|---|
| MARVIN E. GUNDLACH,<br><br>              Petitioner,<br><br>    v.<br><br>OFFICER WEARP, et al.,<br><br>              RespondentS. | Case No. SACV 08-671-JSL (SH)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On June 16, 2008, pro se petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner appears to challenge his 2005 misdemeanor conviction in the Superior Court of California, Orange County. As best the Court can glean from the allegations in the Petition, petitioner is alleging the following claims: (1) Officer Wearp prepared a false police report; and (2) Petitioner received ineffective assistance of trial counsel. (Petition at 3-4).

1

1    It is unclear whether the Court has jurisdiction over the Petition. See Zichko
2    v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001)("For a federal court to have
3    jurisdiction over a habeas petition filed by a state prisoner, the prisoner must be "in
4    custody." Petitioner apparently was released from custody in February 2006.See
5    Petition at 2). Petitioner does not affirmatively allege that at the time he filed the
6    Petition he was in state custody based on, for example, a parole or probationary
7    status.

8    Moreover, petitioner has failed to name a proper respondent.       The
9    appropriate respondent is the state officer having custody of petitioner. See Rule
10   2(a) of the Rules Governing Section 2254 cases in the United States District Courts
11   and the Advisory Committee Notes thereto; Hogan v. Hanks, 97 F.3d 189, 190 (7th
12   Cir. 1996), cert. denied, 520 U.S. 1171 (1997); Ortiz-Sandoval v. Gomez, 81 F.3d
13   891, 894-96 (9th Cir. 1996).   None of the named respondents is a proper
14   respondent.

15   In addition, petitioner has failed to affirmatively allege that he has exhausted
16   his state remedies with respect to every claim alleged in the Petition. See Rose v.
17   Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982). Exhaustion
18   requires that the prisoner's contentions be fairly presented to the state courts, and
19   be disposed of on the merits by the highest court of the state. See James v. Borg,
20   24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594
21   F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the
22   prisoner has described in the state court proceedings both the operative facts and
23   the federal legal theory on which his claim is based. See Duncan v. Henry, 513
24   U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404
25   U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d
26   828, 830 (9th Cir. 1996).

27   Further, petitioner has failed to use the proper Central District habeas form.
28   The Clerk is directed to provide petitioner with the Central District form for a

1   Petition for Writ of Habeas Corpus by a Person in State Custody (pursuant to 28
2   U.S.C. § 2254).
3         IT IS ORDERED as follows:
4         1.    The Petition is dismissed;[1] and
5         2.    The Clerk shall mail a copy of this Order to petitioner.
6   DATED:  June 24, 2008
7
8                                        _____
9                                        J. SPENCER LETTS
                                         UNITED STATES DISTRICT JUDGE
10
11  Presented by:
    Date  6/18/08
12
13  _____
14  STEPHEN J. HILLMAN
    UNITED STATES MAGISTRATE JUDGE
15
16
17
18
19
20
21
22
23
24
25
26  _____
27  [1]   This dismissal does not relieve petitioner from complying with the one-year
    statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the
    Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future
28  habeas petitions filed in this Court.

3